# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARGARETTA WILLIAMS | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-62 |
| | § | Judge Mazzant |
| TARGET CORPORATION and JOHN DOE | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment (Dkt. #27). After considering the motion, the responses, and the relevant pleadings, the Court finds the motion should be granted in part and denied in part.

Also pending before the Court is Defendant's Motion to Strike the Affidavit of Margaretta Williams (Doc. No. 39-1) Attached to Plaintiff's Sur-Reply to Defendant's Motion for Summary Judgment (Dkt. #40). After considering the motion, the responses, and the relevant pleadings, the Court finds the motion should be granted.

## BACKGROUND

Plaintiff contends that on September 1, 2012, she was walking through the electronics section at a Target store in Frisco, Texas, when she slipped and fell on a liquid substance appearing to be soda on the floor (Dkt. #17 at 2). Plaintiff contends that as a result of her fall, she broke her ankle and severed or tore multiple ligaments. *Id*. Plaintiff asserts her claims against both Defendant Target Corporation ("Target"), as well as John Doe, the manager of the Target store at issue.

On October 21, 2014, Defendants filed their motion for summary judgment (Dkt. #27). On November 25, 2014, Plaintiff filed her response (Dkt. #34). In addition, Plaintiff requested leave to file a video exhibit, and the Court granted that request (Dkt. #36). On December 2,

2014, Defendants filed their reply (Dkt. #37). On December 12, 2014, Plaintiff filed her sur-reply (Dkt. #39). On December 19, 2014, Defendant filed its objection to Plaintiff's sur-reply to Defendant's motion for summary judgment (Dkt. #44).[1]

On December 18, 2014, Defendant filed its motion to strike the affidavit of Margaretta Williams (Dkt. #40). On December 19, 2014, Plaintiff filed her response (Dkt. #42). On December 22, 2014, Defendant filed its reply (Dkt. #43).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the

---

[1] Defendant objects to Plaintiff's sur-reply and asserts that it was filed untimely on December 12, 2014. The Court finds that Plaintiff's sur-reply was filed timely on December 12, 2014. *See* Eastern District of Texas Local Rule CV-7(f) ("A sur-reply responding to issues raised in the reply may be served and filed within seven days from the date the reply is served."); Local Rule CV-6 (three days added to the prescribed period). Defendant's objection is overruled. The Court will address Defendant's objections to the affidavit in its analysis regarding Defendant's motion to strike.

essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

*Defendant's Motion to Strike the Affidavit of Margaretta Williams (Doc. No. 39-1) Attached to Plaintiff's Sur-Reply to Defendant's Motion for Summary Judgment (Dkt. #40)*

Defendant asserts that the affidavit of Margaretta Williams attached to Plaintiff's sur-reply should be stricken from the summary judgment record because the affidavit improperly contradicts her deposition testimony. At her deposition, Plaintiff testified:

> [I]n addition to the spill, going down that aisle, there was a spill going down one of the aisles. I can't tell you which one of those little short aisles it was. It's been a couple of years since it happened.

(Dkt. #40, Ex. A at 51:7-11). In her affidavit, Plaintiff now states that:

> The short aisles I was testifying to was the short aisles formed by the shelving that is seen in the video. At the time I testified in my deposition, I was testifying that the liquid ran down one of the short aisles on either side of the place where I fell in the video.

(Dkt. #39-1).

Plaintiff asserts that during her deposition Plaintiff was indicating repeatedly with her hands, referring to a drawing depicting the area, and that Defendant knew that Plaintiff was referring to the two short aisles on either side of the location where she fell. Defendant argues that during this part of her testimony, Plaintiff was not indicating with her hands, and that Plaintiff noted there were six short aisles near where she fell. Further, Defendant contends that Plaintiff never used the drawing to discuss the location where she observed the trail of soda on the floor. After reviewing Plaintiff's deposition, the Court agrees with Defendant that Plaintiff's affidavit contradicts her sworn deposition testimony. "Affidavits submitted in opposition to a motion for summary judgment may supplement deposition testimony, but cannot contradict prior testimony without explanation." *Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 F. App'x 917 (5th Cir. 2009) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 496 (5th Cir. 1996)). "In other words, the summary judgment affidavit may supplement deposition testimony by clarifying or amplifying the facts with greater detail but may not simply 'tell[] the same story differently.'" *Id*. Here, Plaintiff does not simply add clarification or supplement with more facts, she seeks to change her original testimony that she did not know which one of the short aisles had the liquid substance. Accordingly, the Court agrees that Plaintiff's affidavit should be stricken from the summary judgment record and finds Defendant's motion to strike should be granted.

*Defendants' Motion for Summary Judgment (Dkt. #27)*

Texas substantive law governs this dispute, since the case is pending before the Court under its diversity jurisdiction. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 396 (5th Cir. 2013). Plaintiff's complaint appears to assert a claim for negligence and gross negligence against Defendant Target Corporation. Negligence law and premises liability law are separate

and distinct bodies of law in Texas, and the application of one versus the other turns on what caused an injury. *See, e.g., In re Texas Dep't of Transp.*, 218 S.W.3d 74, 77-78 (Tex. 2007); *Timberwalk Apartments, Partners v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). To pursue relief for an injury under negligent activity law, an injury must flow from ongoing, contemporaneous activity rather than a condition created by that activity. *Keetch*, 845 S.W.2d at 264. An injury is the contemporaneous result of a negligent activity where the evidence shows that the activity occurred near both the time and location of the injury. *Kroger Co. v. Persley*, 261 S.W.3d 316, 320 (Tex. App.-Houston [1st Dist.] 2008, no pet.). On the other hand, a cause of action rooted in premises liability arises from property conditions that make it unsafe. *In re Texas Dep't*, 218 S.W.3d at 77. Because Plaintiff was allegedly injured by a condition of the premises and not by a contemporaneous activity, Plaintiff's course of recovery against Defendant sounds solely in premises liability. Thus, the Court finds Plaintiff's causes of action for negligence and gross negligence should be dismissed.[2]

Defendant also asserts that Plaintiff has no viable claim against a "John Doe" employee of Target. The Court agrees. "[A]n employee may not be held individually liable unless she breaches an independent duty of care she owed to the injured party separate from her employer's duty." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 838 (E.D. Tex. 2008). There are no facts or evidence here to indicate that a "John Doe" store manager owed any independent duty

---

[2] Further, in order to establish a claim for gross negligence, Plaintiff would have to demonstrate that an act or omission:
    (1) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
    (2) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.
Tex. Civ. Prac. & Rem. Code § 41.001(11). As discussed in further detail below, Plaintiff cannot establish that, when viewed objectively, an act or omission involved an extreme degree of risk or that the actor had actual, subjective awareness of the risk involved but continued to proceed with conscious indifference. For this additional reason, the Court finds Plaintiff's claim for gross negligence should be dismissed.

5

of care to Plaintiff in this situation. Thus, the Court agrees that "John Doe" is entitled to summary judgment on any negligent hiring and training claims asserted by Plaintiff.

The elements of a cause of action for premises liability include: (1) the existence of a condition of the premises creating an unreasonable risk of harm; (2) that the premises owner/occupier knew, or should have known, of the existence of that condition; (3) that the premises owner/occupier failed to use reasonable care to reduce or eliminate the risk by rectifying or warning of the condition; and (4) that such failure was a proximate cause of the incident and of Plaintiff's injuries. *Keetch*, 845 S.W.2d at 264. Defendant contends that Plaintiff has no evidence that Target had actual or constructive knowledge of the potentially harmful condition. A plaintiff may establish actual or constructive knowledge of a potentially harmful condition in one of three ways: (1) proof that the employees caused the harmful condition; (2) proof that the employees either saw or were told of the harmful condition prior to the plaintiff's injury; or (3) proof that the harmful condition was present for so long that it should have been discovered in the exercise of reasonable care. *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 580 (S.D. Tex. 2012) (citing *Keetch*, 845 S.W.2d at 264). Plaintiff has no evidence and does not argue that Target employees caused the soda spill on the floor. Plaintiff states that there is a fact issue as to whether the employees either saw or were told of the harmful condition prior to Plaintiff's injury because the video surveillance depicts an employee walking down the aisle in which the spill was located (Dkt. #39 at 1-2). However, the Court disagrees. Taking Plaintiff's evidence as true, the evidence establishes that the spill was located on the back aisle seen in the video that passes through the electronics section and intersects with several "short aisles" where at least five (5) short aisles are shown or partially shown in the video. The Target employee referred to by Plaintiff is seen stocking the shelves in one of the short aisles at the end furthest

from that back aisle. There is no evidence that there is a soda spill in that aisle or that the Target employee actually saw it. Further, Plaintiff testified at her deposition that while there was soda spilled in one of the "short aisles," she did not know in which aisle the soda was located (Dkt. #40, Ex. A at 51:7-11). Thus, there is simply no evidence of actual knowledge on the part of Target or its employees of the potentially harmful condition.

Defendant further asserts that in the absence of actual knowledge, to show constructive knowledge, Plaintiff must prove that the condition existed a sufficient period of time for it to have a reasonable opportunity to discover it. This "'time-notice rule' is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). What qualifies as a "reasonable opportunity to discover and remedy" turns on the facts and circumstances of the case. *Id.* Plaintiff asserts that the video evidence demonstrates that the spill had been on the floor for twenty minutes or more prior to Plaintiff's fall (Dkt. #34 at 7). Plaintiff argues that there is no individual that could have caused the spill appearing in the video, and concludes that the spill must have occurred prior to the video surveillance. *Id*. at 7-8. Defendant contends that the video is "too blurry, grainy, and obstructed to provide any meaningful evidence" (Dkt. #37 at 2). Defendant asserts that Plaintiff's evidence is mere speculation, which is not sufficient to constitute evidence. After reviewing the video and other evidence contained in the record, the Court finds that, viewing the evidence in a light most favorable to Plaintiff, there is a fact issue as to whether the condition, the soda spill, existed a sufficient period of time for Target to have a reasonable opportunity to discover it. A review of the evidence indicates that the spill could have been on the floor prior to the video depiction or could have been caused by numerous individuals appearing in the video at various times. Thus,

"this is not a situation where there is no evidence from which a jury could infer the approximate length of time" the condition existed to allow for a reasonable opportunity of discovery. *See Jones v. Valero Energy Corp.*, No. 5:08-CV-193, 2009 WL 3063326 (E.D. Tex. Sept. 21, 2009). The Court finds a material fact issue exists as to whether Target had a reasonable opportunity to discover the condition, and finds Defendant's motion for summary judgment is denied.

## CONCLUSION

Based on the foregoing, the Court finds that Defendants' Motion for Summary Judgment (Dkt. #27) is hereby **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's clams against "John Doe" are dismissed in their entirety with prejudice. Plaintiff's claims against Target for negligence and gross negligence are also dismissed with prejudice. Plaintiff's premises liability claim against Target will remain for trial.

The Court further finds that Defendant's Motion to Strike the Affidavit of Margaretta Williams (Doc. No. 39-1) Attached to Plaintiff's Sur-Reply to Defendant's Motion for Summary Judgment (Dkt. #40) is hereby **GRANTED**, and Plaintiff's affidavit is stricken from the summary judgment record.

**SIGNED this 8th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE