# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARGARETTA WILLIAMS | § | |
| | § | |
| v. | § | Case No. 4:14cv62 |
| | § | Judge Mazzant |
| TARGET CORPORATION | § | |

## MEMORANDUM OPINION

Pending before the Court are Defendant's Motion to Alter or Amend Judgment or, in the alternative, for Order Setting Deadline for Filing of Bill of Costs (Dkt. #97), Defendant's Bill of Costs (Dkt. #99, #100), Plaintiff's Motion to Strike Defendant's Bill of Costs (Dkt. #96), Defendant's Alternative Motion for Leave to File Bill of Costs After 14 Days (Dkt. #109), and Plaintiff's Second Motion to Strike Defendant's Bill of Costs (Dkt. #104). Having considered the motions, the Court finds that the motion to alter the judgment should be denied and the motion to strike should be granted.

### BACKGROUND

Plaintiff Margaretta Williams filed this lawsuit contending that she was walking through a Target store when she slipped and fell on a liquid substance that was on the floor. Plaintiff contends that, as a result of her fall, she broke her ankle and severed or tore multiple ligaments. Plaintiff asserted claims against both Defendant Target Corporation and John Doe, the store manager of the Target at issue. The Court granted in part and denied in part Defendants' motion for summary judgment, and finding that the claims against John Doe should be dismissed in their entirety with prejudice, that Plaintiff's negligence and gross negligence claims against Defendant should be dismissed with prejudice, and that Plaintiff's only course of recovery against the Defendant would

be premises liability (Dkt. #49). From April 6, 2015, to April 8, 2015, the remaining premises liability issue was tried before a jury, and the jury returned a verdict in favor of the Defendant on April 8, 2015 (Dkt. #92). On April 9, 2015, the Court entered a judgment on Jury Verdict and the case was closed (Dkt. #93). The judgment did not address costs.

Defendant made three deficient attempts to file its bill of costs, on April 28, 2015, April 29, 2015, and May 1, 2015, respectively (Dkt. #94, #95, #98). On April 30, 2015, Plaintiff filed a motion to strike Defendant's bill of costs, asserting that Defendant's bill of costs was untimely (Dkt. #96). Also on April 30, 2015, Defendant filed a motion to alter or amend judgement so that the judgment expressly states that costs are awarded to the Defendant and that the judgment is "final," or in the alternative, for an order setting a deadline to file a bill of costs (Dkt. #97).

On May 1, 2015, Defendant filed a proposed bill of costs in the amount of $11,796.51 which was subsequently taxed by the clerk on May 6, 2015, in the same amount (Dkt. #99, #100). On May 13, 2015, Defendant filed a response in opposition to Plaintiff's motion to strike Defendant's bill of costs, claiming that, since the judgment did not expressly state it was "final" nor expressly award costs to the Defendant, the fourteen-day deadline for filing a bill of costs imposed by local rule CV-54(a) was not triggered and thus Defendant's bill of costs was timely or, in the alternative, a motion for leave to file the bill of costs after fourteen days (Dkt. #101). On May 15, 2015, Plaintiff filed a response in opposition to Defendant's motion to alter or amend judgment, asserting that the judgment was final and implicitly awarded costs, therefore Defendant was required to file a bill of costs within fourteen days of the judgment being entered (Dkt. #103). On May 18, 2015, Defendant filed a reply in support of its motion to alter or amend judgment, or in the alternative, for an order

setting a deadline for filing the bill of costs (Dkt. #107). Also on May 18, 2015, Plaintiff, out of caution, filed a second motion to strike Defendant's bill of costs, since Plaintiff's first motion to strike was filed before Defendant was able to properly file its bill of costs (Dkt. #104). On May 19, 2015, Defendant filed an amended response in opposition to Plaintiff's first motion to strike Defendant's bill of costs and also an alternative motion for leave to file the bill of costs after fourteen days (Dkt. #108, #109). On May 29, 2015, Defendant filed a response in opposition to Plaintiff's second motion to strike Defendant's bill of costs, asserting that Plaintiff's second motion to strike was untimely (Dkt. #110). On June 2, 2015, Plaintiff filed a response in opposition, and Defendant filed a reply in support of, Defendant's alternative motion for leave to file the bill of costs after fourteen days (Dkt. #111, #112).

## ANALYSIS

The issue raised in this case is whether Defendant has timely filed a request for costs. Under Federal Rule of Civil Procedure 54(d), costs, other than attorney's fees, should be granted to the prevailing party. Moreover, Eastern District of Texas Local Rule CV-54(a) states:

> A party awarded costs by final judgment or by judgment that a presiding judge directs be entered as final under Fed. R. Civ. P. 54(b) must apply to the clerk for taxation of such costs by filing a bill of costs. Unless otherwise provided by statute or by an order of the presiding judge, the bill of costs must be filed with the clerk and served on any party entitled to such service no later than fourteen days after the clerk enters the judgment on the docket.

The Judgment on Jury Verdict (Dkt. #93) was entered by the clerk on April 9, 2015, and the case was closed on the same date. The Judgment on Jury Verdict is in Defendant's favor, stating that "Plaintiff takes nothing and that Plaintiff's case against Defendant is dismissed with prejudice" (Dkt. #93). Defendant attempted to file a proposed bill of costs on April 28 and 29, 2015. Defendant's costs

were taxed to the Plaintiff on May 6, 2015 (Dkt. #100). Plaintiff objected to the proposed bills of costs as untimely by filing motions to strike.

Plaintiff contends that the Judgment on Jury Verdict entered on April 9, 2015, is a final judgment because no issues remain unresolved and the case was closed upon entry of the judgment. Consequently, Plaintiff contends that the Judgment on Jury Verdict triggered the Court's Local Rule CV-54(a) fourteen (14) day deadline for a prevailing party to file its proposed bill of costs and that Defendant's bill of costs filed on May 1, 2015, and subsequently taxed to Plaintiff on May 6, 2015, is untimely.

Defendant contends that it was not required to file the bill of costs within fourteen days after the entry of judgment on the docket because the Judgment on Jury Verdict was not a final judgment within the meaning of this Court's Local Rule CV-54 because the judgment did not explicitly use the word "final" nor explicitly award costs to the Defendant. Therefore, Defendant contends that this Court's Local Rule CV-54(a) fourteen (14) day bill of cost filing deadline is not applicable and the bill of costs was timely filed. However, Defendant also requests that the Court alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) so that it explicitly states that the judgment is "final" pursuant to Federal Rule of Civil Procedure 58 and that the Defendant, as the prevailing party, is explicitly awarded taxable costs to be assessed against the Plaintiff (Dkt. #97 at p.1). In sum, the Defendant argues that only by including the words "final" and explicitly stating that Defendant is "awarded costs" in the judgment will this Court's Local Rule CV-54 then apply. The Court finds these arguments unpersuasive.

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment

4

no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A motion to alter or amend judgment may be granted on grounds including: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a *clear* error of law or prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) (emphasis added). It is "an extraordinary remedy that should be used sparingly," but courts have a great deal of discretion in ruling on a 59(e) motion. *Templet*, 367 F.3d at 479.

In this case, the Judgment on Jury Verdict was entered on April 9, 2015, and Defendant moved to alter or amend the judgment on April 30, 2015, thus making the motion timely. However, the Court finds an alteration or amendment of the judgment to explicitly include the words "final" and that Defendant is explicitly "awarded costs" unnecessary and that the original judgment sufficiently notified Defendant that, as the prevailing party, it was entitled to tax costs against the Plaintiff in this case.

The Court finds that the Judgment on Jury Verdict is a final judgment requiring Defendant, as the prevailing party, to file its bill of costs within fourteen days after the entry of judgment. A final judgment is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (quoting *Caitlin v. United States*, 324 U.S. 229, 233 (1945)). The Judgment on Jury Verdict, by ordering that "Plaintiff takes nothing and that Plaintiff's case against Defendant is dismissed with prejudice," disposed of all

5

remaining issues against the only remaining Defendant, thus making the judgment final.

The Court also finds that, despite the lack of explicit language the Defendant seeks, the Judgment on Jury Verdict awarded costs to the Defendant. In *Whatley*, this Court held that "[a] natural reading of Rule 54(d) would lead one to conclude that a judgment silent about costs is a judgment awarding costs because the district court has not provided otherwise." *Whatley v. AHF Fin. Servs., LLC,* No. 4:11–CV–488, 2013 WL 4771466, *3 (E.D. Tex. Sept. 5, 2013) (citing *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544-45 (5th Cir. 1983) (holding that where a judgment is silent about costs, the judgment is one allowing costs by implication from Rule 54(d)), *overruled on other grounds by J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 790 F.2d 1193 (5th Cir. 1986). Here, the judgment was silent about costs; therefore, Defendant, as the prevailing party, was awarded costs by implication, and explicit language awarding costs to the Defendant is unnecessary.

Since the Judgment on Jury Verdict is a final judgment awarding costs to the Defendant as the prevailing party pursuant to Federal Rule 54(d), no alteration or amendment of the judgment is necessary. Furthermore, Defendant was required to comply with Federal Rule 54(d)(1) and Local Rule CV-54; therefore, Defendant's alternative motion for a deadline for filing a bill of costs is also unnecessary. For these reasons. for these, reasons, the Court finds that Defendant's motion to alter or amend the judgment or, in the alternative, for an order setting a deadline for filing of bill of costs is denied.

Defendant also seeks leave to file a bill of costs after the fourteen days (Dkt. #109), asserting that the failure to file the bill of costs was because of excusable neglect. In evaluating a Defendant's claim of excusable neglect, the Court may consider the danger of prejudice to the opposing party,

the length and impact of the delay, the reason for the delay, and the moving party's good faith. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n. 8 (5th Cir. 2006).

Defendant made multiple attempts to file a bill of costs and failed on three occasions. A review of the docket indicates that Defendant had difficulty properly filing documents throughout the case. The continued noncompliance cannot be said to be excusable neglect under the facts of this case. Defendant simply ignored the local rules and made the argument that there was not a final judgment in the case. The Court denies the request to allow Defendant's bill of costs late because there was no excusable neglect under the facts of this case.

It is therefore **ORDERED** that Defendant's Motion to Alter or Amend Judgment or, in the alternative, for an Order Setting Deadline for Filing of Bill of Costs (Dkt. #97) is hereby **DENIED**,

It is further **ORDERED** that Defendant's Alternative Motion for Leave to File Bill of Costs After Fourteen (14) Days (Dkt. #109) is hereby **DENIED**.

It is further **ORDERED** that Plaintiff's Motion to Strike Defendant's Bill of Costs (Dkt. #96) is hereby **DENIED as moot** and Plaintiff's Second Motion to Strike Defendant's Bill of Costs (Dkt. #104) is **GRANTED**.

It is further **ORDERED** that Defendant's Bill of Costs taxed on the Plaintiff for $11,796.51 (Dkt. #100) is hereby **VACATED**.

**SIGNED this 14th day of August, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE